Erica J. Stutman, Esq.
Nevada Bar No. 10794
Tanya N. Lewis, Esq.
Nevada Bar No. 8855
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: estutman@swlaw.com
       tlewis@swlaw.com
*Attorneys for Plaintiff*
*Deutsche Bank National Trust Company, as Trustee for*
*Fremont Home Loan Trust Series 2006-3*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Fremont Home Loan Trust Series 2006-3,<br><br>Plaintiff,<br><br>vs.<br><br>LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLC, a Nevada limited-liability company; LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLC SERIES 9128, a Nevada limited-liability company; TERRA WEST COLLECTIONS GROUP LLC d/b/a ASSESSMENT MANAGEMENT SERVICES, a Nevada limited liability company; and TAPESTRY AT TOWN CENTER HOMEOWNERS ASSOCIATION, a Nevada nonprofit corporation;<br><br>Defendants. | Case No. 2:17-cv-00605-RFB-CWH<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITIONS FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT** |

## **STIPULATION**

It is hereby stipulated by and between Plaintiff DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Fremont Home Loan Trust Series 2006-3, ("Plaintiff"), and

Defendants LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLC, a Nevada limited-liability company, LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLC SERIES 9128, a Nevada limited-liability company; TERRA WEST COLLECTIONS GROUP LLC d/b/a ASSESSMENT MANAGEMENT SERVICES, a Nevada limited liability company, and TAPESTRY AT TOWN CENTER HOMEOWNERS ASSOCIATION, a Nevada nonprofit corporation, (collectively, the "Parties"), by and through their counsel, as follows:

1. This lawsuit involves a claim for quiet title/declaratory relief and other claims related to a non-judicial homeowner's association foreclosure sale conducted on a property pursuant to NRS Chapter 116.

2. On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016) holding that NRS Chapter 116 is facially unconstitutional. The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the District Court's judgment.

3. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, N.A., 133 Nev. Adv. Op. 5, ___ P.3d ___, 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

4. The *Saticoy Bay* decision by the Nevada Supreme Court conflicts directly with Ninth Circuit's ruling in *Bourne Valley*, making the issue appropriate for consideration by the United States Supreme Court. *See* Sup. Ct. Rule 10(a) & (b) (noting that the High Court will consider review when "a United States court of appeals has . . . decided an important federal question in a way that conflicts with a decision by a state court of last resort * * * [or] a state court of last resort has decided an important federal question in a way that conflicts with the decision of . . . a United States court of appeals.")

5. Since then, several judges in this district have stayed similar cases pending the

- 2 -

exhaustion of the appeal of the Ninth Circuit's decision in *Bourne Valley* pending before the United States Supreme Court. *E.g., Nationstar Mtg. LLC v. Green Valley S. Owners Assoc.*, No. 2:16-cv-00883-GMN-GWF; *Bank of America, N.A. v. Canyon Willow Trop Owners' Assoc.*, No. 2:16-cv-01327-GMN-VCF (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH (D. Nev. Feb. 28, 2017).

6. Terra West/AMS filed a Motion to Dismiss Complaint ("Motion to Dismiss," ECF No. 22) on May 19, 2017.

7. The Parties believe the conflict should be resolved. Counsel in *Bourne Valley* has sought review of the state action issue in the United States Supreme Court. Bourne Valley's petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is pending in the United States Supreme Court. *See Bourne Valley Court Trust v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753. Thus, the parties believe that a continued litigation stay is appropriate and will not be indefinite.

8. To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *Maheu v. Eighth Judicial Dist. Court In & For Clark County, Dept. No. 6*, 88 Nev. 26, 51, 493 P.2d 709, 725 (1972), quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Here, the factors support a continued stay of litigation.

   a. <u>Damage from Stay</u>: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings. Indeed, the parties will be enabled to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein as well as the Court.

   b. <u>Hardship or Inequity</u>: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need

for the parties to have finality, given the split in the state and federal court decisions. Any hardship would be equal in terms of resources expended without a stay. A stay prevents this expenditure for all Parties and the parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

        c. <u>Orderly Course of Justice</u>: At the center of this case is an association foreclosure sale under NRS Chapter 116. The outcome of the petition for writ in *Bourne Valley* has the potential to moot this litigation. Without a stay, the Parties will expend resources that will be unnecessary if the petition is denied. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the moving forward without final resolution of the federal issues and the state court / federal court conflict.

9. The Parties agree that all proceedings in the instant case are stayed pending final resolution of the *Bourne Valley* certiorari proceedings before the United States Supreme Court. The Parties agree that the pending Motion to Dismiss is withdrawn, **without prejudice**.

10. The Parties further agree that their claims and defenses will be tolled, if necessary, for the duration of the stay, beginning on the date this stipulation is filed until the Court issues an order lifting the stay.

11. LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLC SERIES 9128 shall be required to keep current on all property taxes and assessments, HOA dues, and to reasonably maintain the property at issue, and shall also be required to provide proof of payment upon reasonable notice to counsel for Plaintiff.

12. LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLC SERIES 9128 shall be prohibited from selling or encumbering the property unless otherwise ordered by the Court.

13. Plaintiff is prohibited from conducting a foreclosure sale on the property unless otherwise ordered by the Court.

14. Any party may file a written motion to lift stay at any time, and any party may file an opposition to the motion within fourteen (14) calendar days after the written motion is filed

with the Court.

**IT IS SO STIPULATED.**

*(Signatures and Order for Stipulation and Order to Stay Litigation on next page)*

Dated June 14, 2017

| | |
|---|---|
| Snell & Wilmer L.L.P.<br><br>By: */s/ Tanya N. Lewis*<br>  Erica J. Stutman, Esq.<br>  Nevada Bar No. 10794<br>  Tanya N. Lewis, Esq.<br>  Nevada Bar No. 8855<br>  3883 Howard Hughes Parkway, Suite 1100<br>  Las Vegas, NV 89169<br>*Attorneys for Plaintiff*<br>*Deutsche Bank National Trust Company* | LAW OFFICES OF RICHARD VILKIN, PC<br><br>By: */s/ Richard Vilkin*<br>Richard Vilkin, Esq.<br>LAW OFFICE OF RICHARD VILKIN, PC<br>1286 Crimson Sage Ave.<br>Henderson, NV 89012<br>*(signed with permission)*<br><br>*Attorneys for Defendant*<br>*Terra West/AMS*<br><br>AYON LAW PLLC<br><br>By: */s/ Luis A. Ayon*<br>Luis A Ayon<br>Ayon Law, PLLC<br>9205 West Russell Road<br>Building 3, Suite 240<br>Las Vegas, NV 89148<br>702-600-3200<br>Fax: 702-447-7936<br>Email: laa@ayonlaw.com<br><br>WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN<br><br>By: */s/ Douglas M. Cohen*<br>Douglas M. Cohen<br>Wolf, Rifkin, Shapiro, Schulman & Rabkin<br>3556 E. Russell Road<br>Las Vegas, NV 89120<br>702-341-5200<br>Fax: 702-341-5300<br>Email: dcohen@wrslawyers.com |

IT IS SO ORDERED.

DATED: June 15, 2017

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

4828-0576-5450.1

- 6 -