# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>                  Plaintiff,<br><br>    v.<br><br>LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLC, et al.,<br><br>                  Defendants. | Case No. 2:17-cv-00605-APG-CWH<br><br>**ORDER** |

Presently before the court is plaintiff Deutsche Bank National Trust Company's motion to seal and redact plaintiff's motion to enforce the settlement agreement (ECF No. 43), filed on September 12, 2018. Plaintiff moves to redact a portion of its motion, and to seal exhibits containing the parties' settlement discussions.

The court recognizes a strong presumption in favor of the public's right to access judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (stating that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."). An exception exists for "[a] narrow range of documents" that are "traditionally . . . kept secret for important policy reasons." *Id.* The party moving to seal a dispositive motion must provide compelling reasons to overcome the presumption. *Id.* The court then balances the interests of the public and the interests of the moving party. *Id.* Among the compelling reasons which may justify sealing a record is "when such court files might have become a vehicle for improper purposes . . . ." *Id.* at 1179 (quotation omitted). Exposure to embarrassment, incrimination, or further litigation, are not compelling reasons to seal a record. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

1 | Here, plaintiff moves to redact six lines on page three of its motion to enforce the
2 | settlement agreement, and to seal exhibits A-I. Plaintiff argues that the motion and its exhibits
3 | contain the details of settlement negotiations and the settlement amount agreed upon by the
4 | parties. Further, plaintiff argues that public disclosure of the settlement amount would impact
5 | plaintiff's ability to successfully negotiate settlement in other similar matters in this district. The
6 | court agrees with plaintiff and recognizes the potential that a disclosure of such information may
7 | be used for an improper purpose. The court will therefore order the clerk of court to seal the
8 | motion to enforce the settlement agreement. (ECF No. 43.) Given that plaintiff filed a redacted
9 | version of its motion under seal, plaintiff must file an *unredacted* version of its motion under seal
10 | and file a redacted version of its motion for the public record.

IT IS THEREFORE ORDERED that plaintiff's motion to seal (ECF No. 43) is GRANTED.

IT IS FURTHER ORDERED that plaintiff must file an unredacted version of its motion (ECF No. 43) under seal within 10 days of this order.

IT IS FURTHER ORDERED that plaintiff must file a redacted version of its motion (ECF No. 43) for the public record within 10 days of this order.

DATED: October 24, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE